UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-20-01-F
No. 5:07-CV-44-F

| | | |
|---|---|---|
| STANLEY O'NEAL GILL, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court for initial consideration of Stanley O'Neal Gill's ("Gill") Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. Gill's motion was reviewed when filed and determined to be meritless. This order memorializes that determination. Rule 4, Rules Governing § 2255 Proceedings, provides in pertinent part,

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Procedural History

Gill pled guilty on April 12, 2004, without benefit of a plea agreement to both counts of a two-count Indictment: Count One – conspiracy to distribute and to possess with the intent to distribute more than 500 grams of cocaine and more than 5 grams of cocaine base (crack); and Count Two – possess with the intent to distribute more than 500 grams of cocaine.

After a lengthy sentencing hearing on October 18, 2004, the undersigned sentenced Gill to a term of 262 months on each count, to run concurrently. In imposing sentence, the court stated,

> This sentence constitutes both the Sentencing Guidelines
> Sentence, and the Alternative Sentence pursuant to 18 U.S.C. §
> 3553(a), as directed by the Fourth Circuit Court of Appeals in
> *United States v. Hammoud*, 378 F.3d 426 (4th Cir. Aug. 2, 2004).[1]
>
> The 262 month Alternative Sentence (Ct. 1 – 262 months; Ct 2. –
> 262 mos. concurrent) is imposed pursuant to 21 [U.S.C.] § 846
> and 21 [U.S.C.] § 841(a)(1), as well as 18 [U.S.C.] §3553(a),
> 3013(a)(2)(A), 3551, 3561, 3559(a), 3571, 3572, 3583 and 3661.

Gill Judgment [DE-27] at p. 3. By entering the sentence in this manner, it was this court's intent to clarify for the record that the same sentence would have been imposed whether the Sentencing Guidelines were applied as mandatory, or as merely advisory, considering also the factors set forth in § 3553(a) and in light of the other statutes cited.

On appeal, the Fourth Circuit Court of Appeals, determined that "the district court's factual findings" unconstitutionally increased Gill's sentence and violated Gill's Sixth Amendment rights, as interpreted by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005). "However, because the district court imposed an alternative discretionary sentence pursuant to § 3553(a) that was identical to the guidelines sentence, the Sixth Amendment error was harmless." *United States v. Gill*, 150 Fed. Appx. 205, 207 (4th Cir. Oct. 4, 2005), *cert. denied*, 546 U.S. 1221 (Feb. 27, 2006). The court determined that resentencing was not required, however, because "no reversible error occurred." *Id.* at p. 5.

Finally, the appellate court concluded that "to the extent that reasonableness review is available to a defendant sentenced before *Booker* . . . , we conclude that the sentence was reasonable. The Sixth Amendment error was harmless and Gill has not shown that he was prejudiced by the error of treating the guidelines as mandatory." *Id.; see also United States v. Revels*, 455 F.3d 448 (4th Cir. ) ("[V]irtually every circuit to have addressed the issue has

---

[1] *United States v. Hammoud*, 378 F.3d 426 (4th Cir.) (order), *opinion issued by* 381 F.3d 316 (4th Cir. 2004) (en banc), *vacated*, 543 U.S. 1097 (2005).

2

concluded that an alternative identical sentence treating the Guidelines as advisory renders harmless any *Booker* error) (citations omitted), *cert. denied*, 127 S. Ct. 299 (2006); *United States v. Nguyen*, 211 Fed. Appx. 191 (4th Cir. 2006); *United States v. McCullough*, 142 Fed. Appx. 657 (4th Cir. 2005).

Gill's conviction became final for § 2255 purposes on February 27, 2006, when the Supreme Court denied his petition for writ of certiorari, and he had until February 27, 2007, to file his § 2255 motion. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Gill filed his motion[2] on February 9, 2007. The instant petition is timely.

### Gill's § 2255 Claims

Gill raises four claims in his § 2255 motion:

1. Trial counsel rendered ineffective assistance in violation of the Fifth and Sixth Amendments by failing to negotiate a reasonable written plea agreement, causing Gill to enter into an "open plea."

2. This court violated the Sixth Amendment in enhancing Gill's sentence above the statutory maximum.

3. This court violated the Sixth Amendment by treating the Sentencing Guidelines as mandatory by imposing both a guidelines sentence and an "alternative sentence."

---

[2] Gill's initial § 2255 motion was submitted on the wrong form. The Clerk of Court directed him to re-submit it on the correct form, a copy of which was forwarded to him. He filed his corrected § 2255 on February 20, 2007. The filing date of the initial motion is used in determining compliance with the statute of limitations.

3

4. This court violated the Sixth Amendment in imposing an enhanced sentence by attributing to Gill a firearm that was possessed by a co-conspirator – a fact not found by a jury, determined beyond a reasonable doubt, or admitted by Gill.

Claims Two, Three & Four

The gravamen of each of Gill's Claims Two, Three and Four was a subject of his appeal. The Fourth Circuit Court of Appeals addressed and decided those issues and, as noted above, determined that *Booker* error had occurred. "However, because the district court imposed an alternative discretionary sentence pursuant to § 3553(a) that was identical to the guidelines sentence, the Sixth Amendment error was harmless." *Gill*, 150 Fed. Appx. at 207.

Claims raised and addressed on appeal may not be re-litigated on collateral review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Therefore, Gill is entitled to no relief on Claims Two, Three and Four, and these claims are DISMISSED.

Claim One

Gill also contends that he is entitled to relief because his lawyer failed to negotiate a favorable written plea agreement. He complains that he was forced to enter into an "open plea."

Gill recognizes, however, that a guilty plea generally precludes a petitioner from challenging defects in the process that occurred prior to his entry of that plea. He acknowledges that where a petitioner challenges the voluntariness of a guilty plea based on alleged mis-advice of counsel, the Sixth Amendment requires that he demonstrate his counsel's "advice was [not] within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

The familiar two-pronged *Strickland*[3] test for ineffective assistance of counsel is modified for application in a case involving a guilty plea. Under the first prong, a petitioner must show that his counsel was incompetent; that is, that his counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688 ("performance" prong). The modified second prong ("prejudice" prong) requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty, and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Because *Strickland* requires that both prongs be satisfied, the performance prong need not be addressed if it is determined that the petitioner cannot prove prejudice. *See Strickland*, 466 U.S. at 697.

Gill contends that he relied on the advice of, and information provided by, his counsel concerning sentencing consequences of plea options available to him. Gill contends that he pled guilty because he understood that his Guideline range would be 63-78 months. He states, "because of . . . counsel['s] failures, it is of no doubt that had it not been for counsel's errors petitioner would not have entered in to an open plea without a written plea agreement of reason." Memorandum in Support of § 2255 motion [DE- 46] at p. 8.

The record on its face demonstrates that at his arraignment, Gill was advised that the court, not the lawyers, would determine his sentence. Gill stated under oath at his arraignment that he understood the maximum penalty to which his plea exposed him, that he had discussed his case with his attorney and understood the consequences of pleading guilty; that he still wanted to plead guilty; that no one had made any promise or guarantee what his sentence would be, and that even if he were to be sentenced to the maximum penalty under the

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

5

statute he could not withdraw his guilty plea. In short, even had Gill entered into a written plea agreement with the Government, and he and the Government had stipulated to a sentence they deemed appropriate, that stipulation would not have affected the court's determination of his sentence. If what Gill means by an "open plea" is one in which the sentence is not predetermined by the parties, *cf. United States v. Lambey*, 974 F.2d 1389, 1395-96 (4th Cir. 1992) (plea agreement included acceptance by defendant of an open sentence, to be determined by the court later), then he can be assured that this court accepts *only* "open pleas." It is this court's practice not to accept Rule 11(c)(1)(C) plea agreements. Gill's lawyer could not have negotiated a plea that would have bound the court to a particular sentence.

It also is significant that Gill was sentenced in October 2004 – after *Blakely v. Washington*, 542 U.S. 296 (2004) (announced June 24, 2004), during the time that *Hammoud* was the law in the Fourth Circuit, and before *Booker* was announced on January 12, 2005. Because the controlling law was in such a flux and offered such fertile ground for legal argument, defense counsel during that time often advised their clients not to enter into written plea agreements. Plea agreements offered by the United States Attorney for the Eastern District of North Carolina require that the defendant waive most appeal and collateral review rights. In order to have entered into a written plea agreement, Gill would have been required to relinquish his rights to appeal and to bring a § 2255 action on any ground except ineffective assistance of counsel or prosecutorial misconduct. By entering an "open" or "straight up" plea, Gill preserved both his right to appeal and to bring this § 2255 action.

Among Gill's contentions concerning his attorney's competence at the pleading stage of his case is the statement, "Petitioner has indicated a desire to enter a plea, but expected his attorney to negotiate for a lesser role adjustment.." *Id.* at 10. The sentencing hearing transcript reflects that Gill *did* , in fact, receive a lesser role adjustment than had been

6

recommended. The Probation Officer had recommended a four-point upward adjustment for role in the offense, but the court reduced that adjustment to just two points. *See* Sentencing Hearing Transcript at 133. Furthermore, contrary to the Government's wishes, the court afforded Gill a three-point reduction for his acceptance of responsibility. *See id.* at 135-36. Moreover, although the court denied Gill's Motion for Downward Departure filed by his counsel, the court sentenced Gill at the bottom of the Guideline Range in light of Gill's significant military service. *See id.*, at pp. 137, 139.

Gill had a very lengthy sentencing hearing at which all of his co-defendants testified against him and were subject to cross-examination. Nevertheless, Gill's counsel was successful in persuading the court to sentence Gill to a lesser sentence than had been recommended.

The record on its face demonstrates that Gill cannot prove either that his lawyer's representation fell below an objective standard of reasonableness, or that, but for counsel's errors, he would have pleaded not guilty. For the foregoing reasons, the court finds that it plainly appears from Gill's "motion, any annexed exhibits, and the record of prior proceedings" that he is not entitled to relief. Therefore, this action is DISMISSED on its merits on the Rule 4 review. Any remaining pending motions are DISMISSED as moot.

SO ORDERED.

This the **2d** day of June, 2008.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge